FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 27 2009 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

GUSTAVO RAMIREZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

------------------------------------------------X

94 CR 837 (SJ)
01 CV 4250 (SJ)

MEMORANDUM
AND ORDER

APPEARANCES
GUSTAVO RAMIREZ, *Pro Se*
Register No. 44803-053 B/B
FCI Elkton
P.O. Box 10
Lisbon, OH 44432

UNITED STATES ATTORNEY
Benton J. Campbell
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Ali Kazemi

JOHNSON, Senior District Judge:

In a Memorandum and Order (the "Order") dated February 2, 2005, this Court denied petitioner Gustavo Ramirez's ("Petitioner") 28 U.S.C. § 2255 motion for habeas relief (the "2255 Motion"). Petitioner's appeal of the Order was dismissed by the Second Circuit on August 15, 2005.

Presently before the Court are two motions filed by Petitioner thereafter. Petitioner identifies the first of the two motions as a "Dodd Motion," requesting "consideration" pursuant to United States v. Dodd, 545 U.S. 353 (2005), and giving "notice that he is hereby raising a challenge to his unconstitutionally imposed guideline sentence as contemplated by" United States v. Booker, 543 U.S. 220 (2005) (the "Dodd Motion"). The second, filed on September 22, 2008 (43 months after the Order and 35 months after the appeal was dismissed), seeks relief pursuant to Federal Rule of Civil Procedure 60(b)(4) ("Rule 60(b)(4)"), and argues that the Order was void for want of jurisdiction (the "Rule 60(b)(4) Motion"). For the reasons stated below, Petitioner's motions are DENIED.

*Dodd Motion*

The statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") is one year from the latest of

    (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by the governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(1)-(4). The Supreme Court, in <u>Dodd</u>, held that where the limitations period prescribed in 28 U.S.C. § 2255(3) applies to a habeas petition, that period begins to run on the date on which the right was created, rather than the date on which the right was made retroactive. <u>Dodd</u>, 545 U.S. at 357. Therefore, in citing <u>Dodd</u>, Petitioner seeks to state a claim for relief under 28 U.S.C. § 2555 by way of the Supreme Court's holding in <u>Booker</u>. (<u>See</u> Docket No. 15 at 1 (citing <u>Dodd</u>'s interpretation of AEPDA's limitations period and Petitioner's intent to challenge guideline sentence under <u>Booker</u>).)

Accordingly, the Court construes the motion as a second or successive habeas petition, over which it does not have jurisdiction. <u>See</u> 28 U.S.C.§ 2255; <u>see also</u> <u>Liriano v. United States</u>, 95 F.3d 119 (2d Cir. 1996) (petitioner must, in the Second Circuit, move for an order authorizing the district court to hear second or successive

habeas petition); Rivera v. Kelly, 2009 WL 425608 (N.D.N.Y. Feb. 13, 2009) (same).[1]

*Rule 60(b)(4) Motion*

Over three years after the denial of his first motion for habeas relief, Petitioner filed a motion pursuant to Rule 60(b)(4) arguing that "the district court has no jurisdictional authority to issue its judgment on Petitioner's Section 2255 motion, based on impermissible factors which are not contained in the indictment, nor pleaded and proven to a jury, or admitted by Petitioner." (Docket No. 16 at 4.) In support of this claim, Petitioner essentially reiterates the gravamen of his initial petition, to wit: that Apprendi v. United States, 530 U.S. 466 (2000), warrants a correction to his sentence, an argument that is untenable under prevailing Second Circuit case law holding that Apprendi may not be applied retroactively. See Coleman v. United States, 329 F.3d 77 (2d Cir. 2003); Maldonado v. United States, 344 F.3d 244 (2d Cir. 2003).

Furthermore, Rule 60(b) is an appropriate vehicle for attacking the integrity of a *habeas proceeding*, not the underlying conviction. See, e.g., Harris v. United

---

[1] Petitioner's Dodd Motion included in its caption not only the docket number pertaining to his original § 2255 motion, but also the docket number assigned to his underlying criminal case. To the extent Petitioner's motion seeks to re-open his criminal docket pursuant to Booker, that motion must also be denied. See Booker, 543 U.S. at 268 (holding applies "to all cases on *direct* review") (emphasis added); Guzman v. United States, 404 F.3d 139, 141 (2d Cir. 2005) ("Booker is not retroactive: it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date that Booker issued.") As previous held, Petitioner's conviction became final on May 25, 1999.

States, 367 F.3d 74, 77 (2004) (Rule 60 relief unavailable where the "ground cited by [Petitioner] for reopening first habeas proceeding would (if valid) require the habeas court to consider whether the sentencing judge committed reversible error."). Petitioner's attempt to have the Court revisit findings made at his conviction is thus improper. See Nevado v. United States, 2009 WL 1164635, at *2 (W.D.N.Y. Apr. 21, 2009) (petitioner's challenge to underlying conviction is not a challenge to a habeas proceeding and may be considered a successive petition); Garcia v. United States, 2009 WL 484435, at *3 (S.D.N.Y. Feb. 24, 2009) ("[D]istrict court 'always' has the option of simply denying [another motion seeking to attack the underlying sentence] as outside the scope of Rule 60(b).") (citation omitted).

## CONCLUSION

Accordingly, Petitioner's Rule 60(b)(4) motion is denied. Petitioner's "Dodd Motion" (Docket No. 15) is hereby transferred to the Second Circuit pursuant to 28 U.S.C. § 1631.

SO ORDERED.

DATED: May 18, 2009  
Brooklyn, New York

/s/  
Sterling Johnson, Jr., U.S.D.J.